IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FORUM ARCHITECTS LLC,

    Plaintiff,

vs.                                       Case No.: 1:07-CV-189-SPM/AK

REBECCA JETTON,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's motion for summary judgment (doc. 83), filed December 11, 2008. Plaintiff filed a response (doc. 119) on July 31, 2009. Defendant was granted leave to file a reply to the Plaintiff's response (doc. 126), which was filed on September 1, 2009. Plaintiff brought this action against Defendant alleging tortious interference with an advantageous business or contractual relationship. For the reasons set forth below, the Defendant's Motion will be granted.

### I. BACKGROUND

This action stems from a zoning dispute in Yankeetown, Florida. Plaintiff was in a business relationship with Izaak Walton Investors, Inc. ("IWI"), a real estate development company. On May 2, 2006, IWI submitted six developmental

application packets to Yankeetown, which were to be reviewed for zoning compliance. The next day, Stanley Moore, the zoning official, resigned, although he was asked to continue as the zoning official through the end of May. On May 31, 2006, Moore submitted two memoranda and a monthly report to the Town Council, identifying deficiencies in the applications, most notably that requisite fees remained unpaid. Moore also indicated that his review of the applications remained unfinished.

On June 12, 2006, Governor Bush issued an Executive Order placing the town under the control of an Emergency Financial Board until after an October 31, 2006, special election. On August 17, 2006, Moore sent a letter to the Emergency Board, demanding payment for work performed in approving five of IWI's six zoning applications, although no further documentation of such approval accompanied the letter.

The Defendant began work as Yankeetown's zoning inspector on January 3, 2007. The Mayor asked the Defendant to review IWI's applications for compliance with Yankeetown's zoning regulations. On January 25, 2007, the Defendant denied five of the applications and approved one of the applications. Yankeetown's Board of Adjustment ultimately reversed the Defendant's approval of one of IWI's applications. The Board of Adjustment's decision was affirmed on appeal.

## II. STANDARD FOR SUMMARY JUDGMENT

Federal Civil Procedure Rule 56(c) provides for the granting of summary judgment "if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment." Lofton v. Sec'y of the Dep't of Children & Family Servs., 358 F.3d 804, 809 (11th Cir. 2004) (citing Andersen v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992)). "An issue of fact is material and genuine if a rational fact-finder could find for the nonmoving party on a fact necessary to establish an element of the claim under applicable substantive law." Ross Neely Sys. v. Occidental Fire & Cas. Co., 196 F.3d 1347, 1350 (11th Cir. 1999).

Initially, the burden is on the moving party to "show, by reference to materials on file, that there are no genuine issues of material fact to be determined at trial." Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000) (citing Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991)). A common way for the moving party to meet its burden is by demonstrating that the non-moving party cannot show an essential element of his case. Riley v. Newton,

94 F.3d 632, 638-39 (11th Cir. 1996).  In determining whether the burden has been met, the court must "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant."  Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004) (citations omitted).

A "party opposing a properly-supported motion for summary judgment 'may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial.'"  Brannon v. Thomas County Jail, 2008 U.S. App. LEXIS 12488, 5-6 (11th Cir. June 9, 2008) (citing Fed. R. Civ. P. 56(e)).  "There is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable fact-finder could return a verdict in its favor."  Brannon at 5-6 (quoting Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001).  "The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 483 F.3d 1265, 1273 (11th Cir. 2007) (internal quotations omitted).

### III.  ANALYSIS: TORTIOUS INTERFERENCE

"The elements of tortious interference with a business relationship are (1) the existence of a business relationship . . . (2) knowledge of the relationship on

the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 814 (Fla. 1994) (internal citations omitted). "Florida courts recognize the privilege to interfere as a valid defense to a claim for tortious interference so long as the interference was not done for some improper purpose." Hodges v. Buzzeo, 193 F.Supp. 2d 1279, 1285 (M.D. Fla. 2002).

Here, the Defendant properly exercised her duty as Yanketown's zoning official to review IWI's zoning applications. Other than Stanley Moore's letter, months after he resigned from his duties, demanding payment for approval of the applications, there was no indication that the applications had ever been approved; indeed, the weight of the information available to the Defendant, including Moore's memoranda and monthly report submitted his final day of employment, indicates that the applications were still awaiting approval. Particularly, given the upheaval in the administration of Yankeetown around the time of the filing of the zoning applications and Moore's resignation, the Defendant's decision to review the zoning applications was not unreasonable. Accordingly, as it was well within the Defendant's duties and the Defendant had the privilege to review the zoning applications and to approve or deny such applications upon the basis of her findings, it is clear that a rational trier of fact could not find for the Plaintiff and that there is no genuine issue of material fact.

Therefore, Plaintiff is not entitled to relief and Defendant is entitled to judgment as a matter of law. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is *granted*.

DONE AND ORDERED this twenty-third day of September, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge